Edna M. Murphy vs. John E. Cain } No. 75243

Anna I. Leary vs. John E. Cain } No. 75244

### June 20, 1928

TANNER, P. J. The question presented in these two cases is the same. The question arises in a motion to dis-

miss the cases against non-residents not personally served within the State. Plaintiff contends that the Court has jurisdiction because funds of the defendant were garnished.

The question to be determined then is on the trustee's answer whether or not personal funds of the defendant were garnished.

One point raised as to the garnishment is that the price for the goods delivered was not payable at the time of delivery and at the time of garnishment. It is settled in this State, however, that a debt not subject to any contingency is liable to attachment by trustee process, notwithstanding the fact that it is not then due and payable so as to enable the owner thereof to maintain a suit for its recovery. That is, if the debt is payable absolutely, it may be attached though *solvendum in futuro*.

*Cross* vs. *Brown, Steese & Clark*, 19 R. I. at pp. 238, 239.

The only other question is whether or not the goods had been delivered to the garnishee at the time of service of garnishee's process.

While the garnishee says that they were probably delivered, he is not certain upon this point. It seems to us, however, that evidence could readily be procured which would make this certain. We do not feel like holding that the garnishee was liable without such evidence. We will, therefore, leave the case open for further evidence upon this point.

For plaintiffs: Quinn, Kernan & Quinn.

For defendant: Boss, Shepard & McMahon.